IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVE RUBY, | ) | |
| | ) | 8:05CV251 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ROD KUSH FURNITURE, | ) | |
| d/b/a Furniture on Consignment, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court the plaintiff's Motion to Compel Responses to Interrogatories (Filing No. 16).  The plaintiff attached a copy of the interrogatories to the motion.  **See** Filing No. 16, Exhibit A.  The defendant did not respond to the motion.

On December 21, 2005, the plaintiff served the defendant with interrogatories.  **See** Filing No. 13 (Certificate of Service); Filing No. 16, Exhibit A.  The plaintiff states he has not received any response from the defendant after making attempts to confer by letter on January 25, 2006, and February 9, 2006.  **See id.** Exhibits B and C.  The letters indicate the defendant served responses to requests for production, but not interrogatories.  **Id.**  On February 22, 2006, the plaintiff filed the instant motion.  The court notes no certificate of service for the answers has been filed with the court to date.  **See** NECivR 33.1(e).

Fed. R. Civ. P. 33 provides:

> 3)   The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories.  A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.
> 4)   All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

The defendant has provided the court with no explanation for the delinquent discovery responses, or good cause for excuse from waiver.  Accordingly, the defendant

shall provide interrogatory responses without objection. Furthermore, the defendant shall show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 37(a).

Fed. R. Civ. P. 37(a)(4)(A) provides:

> If the motion [to compel] is granted . . . the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

The defendant's failure to provide discovery responses required the plaintiff to file a motion to compel. The court shall, after the defendant has a chance to respond, grant the plaintiff reasonable expenses for filing such motion, unless the defendant shows substantial justification for the failure to provide discovery responses. **See** Fed. R. Civ. P. 37(a)(4). Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Compel Responses to Interrogatories (Filing No. 16) is granted.

2. The defendant shall have to **on or before March 29, 2006**, in which to respond to the plaintiff's interrogatories, without objections and to file certification of service for the answers pursuant to NECivR 33.1(e).

3. The defendant shall have to **on or before March 29, 2006**, to show cause why the plaintiff should not be awarded reasonable costs and attorney's fees incurred in bringing this motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

DATED this 14th day of March, 2006.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge