## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **STEVE RUBY,** | ) | |
| | ) | **8:05CV251** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **ROD KUSH FURNITURE,** | ) | |
| **d/b/a Furniture on Consignment,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court *sua sponte* after the court's March 14, 2006 order to show cause (Filing No. 18). In the March 14, 2006 order, the court directed the defendant to show cause why sanctions should not be imposed for the failure to provide responses to discovery requests. **See** Filing No. 18. The defendant had provided responses to requests for production, but not to interrogatories served in December 2005. The defendant did not respond to the plaintiff's motion to compel and did not respond to the court's order. However, the record reflects a certificate of service for the answers to interrogatories. **See** Filing No. 19.

Fed. R. Civ. P. 37(a)(4)(A) provides:

> If the motion [to compel] is granted . . . the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

"A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). "Rule 37 sanctions are to be applied diligently." **In re** *Stauffer Seeds, Inc.*, 817 F.2d 47, 49 (8th Cir. 1987). Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate. *Starcher v. Corr. Med. Sys.,* **Inc.**, 144 F.3d 418, 421-22 (6th Cir. 1998). Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by

demonstrating that his position is substantially justified. ***Rickels v. City of South Bend***, 33 F.3d 785, 787 (7th Cir. 1994). "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." ***Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.***, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999). "To allow a party to avoid sanctions by such a contrivance would defeat the purpose of the rules, which is to promote voluntary discovery without the need for motion practice." ***Illinois Tool***, 43 F. Supp. 2d at 960. Furthermore, "[u]ltimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion." ***Id.***

The defendant's failure to provide discovery responses required the plaintiff to file a motion to compel. The defendant has had a reasonable opportunity to provide justification for the failure to respond to the discovery requests. The defendant has failed to provide any justification for the failure to respond. The defendant's conduct caused unnecessary expense, delay, and court intervention. Accordingly, the court finds the plaintiff should be granted reasonable expenses for filing the motion to compel. **See** Fed. R. Civ. P. 37(a)(4). Upon consideration,

**IT IS ORDERED:**

1.      The plaintiff is awarded his reasonable costs and attorney's fees in bringing the February 22, 2006 motion to compel (Filing No. 16).

2.      Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before July 19, 2006,** a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, the plaintiff may file **on or before July 24, 2006,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. The defendant shall have **until on or before July 31, 2006,** to respond to the plaintiff's application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

DATED this 28th day of June, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge